UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Brown, Jr., | ) | C/A No.5:13-cv-01181-DCN-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Warden of Tyger River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner James Brown, Jr. is a state prisoner who filed this pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 16, 17. On September 20, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 18. On October 22, 2013, Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment. ECF No. 23. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 16, be granted.

I.   Background

Petitioner is currently incarcerated in the Livesay Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In September 2008, Petitioner was indicted by a Spartanburg County Grand Jury for grand larceny, and in July 2009, he was indicted by a

Spartanburg County Grand Jury for malicious injury to real property, and three counts of shoplifting. App. 137-146.[1] On August 7, 2009, Petitioner appeared before the Honorable Roger L. Couch and entered a plea of guilty to the grand larceny and shoplifting charges, and entered a plea of no contest to the malicious injury to property charge. App. 1-24. Attorney James A. Cheek represented Petitioner, and Assistant Solicitor Prina C. Tailor appeared on behalf of the State. App. 1. Petitioner was sentenced to imprisonment for two ten-year consecutive terms on two of the shoplifting charges, and on the remaining charges he was sentenced to ten years, suspended to time served, and five years probation. App. 23-24. Petitioner did not file a direct appeal.

II. Procedural History

On October 9, 2009, Petitioner filed an Application seeking post-conviction relief ("PCR"). App. 26-35. In his Application, Petitioner argued he was entitled to relief on the following grounds:

(a) Ineffective assistance of counsel; and
(b) Subject matter jurisdiction.

App. 27. On January 21, 2010, Petitioner filed an Amended PCR Application arguing ineffective assistance of counsel. App. 36-40. In response, the State filed its Return dated February 19, 2010, and requested an evidentiary hearing on Petitioner's ineffective assistance of counsel claim. App. 43-47. On April 7, 2010, an evidentiary hearing was conducted in Spartanburg County before the Honorable J. Derham Cole. App. 49. At the hearing Petitioner was represented by T. Ryan Langley, Esq., while the State was represented by Assistant Attorney

---

[1] Citations to "App." and "Supp. App." refer to the Appendix for Petitioner's appeal of his judgment of conviction. That appendix is available at ECF Nos. 17-1 and 17-2 in this habeas matter.

General Suzanne H. White. *Id.* Petitioner and his former defense attorney, James A. Cheek, testified. App. 52-116. On August 5, 2010, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Prior to the hearing, Applicant requested a continuance so that he could obtain documents related to his lack of a preliminary hearing. In addition, Applicant stated that he needed more time to review his indictments and sentencing sheets, as he believed that there were mistakes on them. This Court found that Applicant's PCR Counsel had reviewed the material and since Counsel was prepared to go forward, the Motion for a Continuance was denied. PCR Counsel also requested this Court to review the transcript that reflects a twenty year sentence and SCDC records which appear to reflect a thirty year sentence. Although this Court has no authority to order SCDC to adjust their records, this Court agreed to review the documents.

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon his credibility. This Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

### Ineffective Assistance of Counsel

In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, Id. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625, *citing* Strickland. Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland).

This Court finds the testimony of Counsel to be more credible than the testimony of the Applicant. This Court finds that Counsel presented and reviewed discovery with the Applicant, discussed the charges and the elements of the charges, and discussed the potential sentences with the Applicant. This Court also finds that Counsel discussed the sentence enhancement charges with the Applicant. This Court finds that Counsel negotiated with the State to the best of his ability, with the circumstances that he faced, which included Applicant's long criminal record involving similar crimes.

Additionally, this Court finds no error in the Court accepting Applicant's plea to the sentence enhancements or in Counsel's lack of objection to the enhancement. The South Carolina Code of Laws states that any crime for which the term of imprisonment depends upon the value of the property involved in that crime, upon a person's conviction of a third or subsequent offense, must be treated as a Class E felony in regards to punishment. § 16-1-57 S.C. Code Ann. (2008). Class E Felonies are subject to a penalty of up to ten years imprisonment. § 16-1-20 S.C. Code Ann. (2008). This Court finds that Applicant's charges clearly meet the requirement for sentence enhancement. Therefore, this Court finds that the Applicant has failed to meet his burden of proof as to this allegation. This claim is denied and dismissed.

### Subject Matter Jurisdiction

In regards to Applicant's allegation that the court lacked subject matter jurisdiction to charge him and accept his plea to a sentence enhancement, this Court finds this claim to lack merit. Subject matter jurisdiction is the power of a court to hear a particular class of cases, and it has nothing to do with the indictment document. See Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005); Dove v. Gold Kist, Inc., 314 S.C. 235, 442 S.E.2d 598 (1994). An Applicant may still challenge the subject matter jurisdiction of the trial court, and such a claim is one that may be raised at any time. See Brown v. State, 343 S.C. 342, 540 S.E.2d 846 (2001), overruled in part by Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005). However, "[c]ircuit courts obviously have subject matter jurisdiction to try criminal matters." Gentry, 363 S.C. 93, 610 S.E.2d 494, 499 (2005). See also S.C. Const. Art. V, § 7. Thus, the Applicant must present evidence that his case is of some class over which the circuit court does not have the authority to preside.

This Court finds that the Applicant's convictions involved criminal charges in General Sessions Court. Thus, this Court finds that the circuit court had subject matter jurisdiction. Therefore, this claim is denied and dismissed.

Regarding Applicant's claims that there were defects in the indictments because of an incorrect social security number, this Court finds that this claim lacks merit. The record reflects that Applicant was read the charges, agreed with the facts, and pled guilty. In addition, Applicant waived presentment of that indictment to the grand jury. Defects in the indictment do not affect subject matter jurisdiction. See State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005); U.S. v. Cotton, 535.U.S. 625, 122 S.Ct. 1781 (2002). The indictment is a notice document and any challenges to its sufficiency must be made in accordance with S.C. Code Ann. § 17-19-90 (2003). See also S.C. Code §17-19-20 (2003). This Court finds that Applicant has failed to meet his burden of proof as to this claim; therefore, this claim is denied and dismissed.

*Summary*

This Court finds that Applicant's attorney demonstrated the normal degree of skill, knowledge, professional judgment, and representation that is expected of an attorney who practices criminal law in South Carolina. State v. Pendergrass, 270 S.C. 1, 239 S.E.2d 750 (1977); Strickland, 466 U.S. at 668; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Counsel investigated the charges, met with the Applicant, explained the elements of the charge and potential sentence, and negotiated with the State on Applicant's behalf.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant.

This Court also finds the Applicant has failed to prove the second prong of Strickland - that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier *supra*. Therefore, the allegations of ineffective assistance of counsel are denied.

CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

App. 123-127. Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend. Petitioner filed a Notice of Appeal on September 3, 2010. ECF No. 17-3. Petitioner, represented by Robert M. Pachak of the South Carolina Commission on Indigent Defense, timely filed a *Johnson*[2] Petition for Writ of Certiorari. ECF No. 17-8. Petitioner presented one issue and argued: "Whether defense counsel was ineffective in giving Petitioner incorrect sentencing advice." *Id.* at 3.    Petitioner filed a pro se response to the *Johnson* Petition on May 10, 2011. ECF No. 17-11. The Petition was transferred to the South Carolina Court of Appeals on January 13, 2012. ECF No. 17-12.   On July 24, 2012, the South Carolina Court of Appeals sent a letter to Petitioner's counsel and the State Attorney General inquiring about the discrepancy between the sentence Petitioner received during his sentencing hearing (20 years) and the information entered into SCDC's database (30 years). ECF No. 17-13.   In response, Assistant Attorney General Suzanne White indicated that Petitioner's PCR counsel filed a Motion for Clarification of Petitioner's sentence and an order was subsequently issued correcting the sentence. ECF No. 17-15. On August 8, 2012, the South Carolina Court of Appeals denied certiorari. ECF No. 17-16.  The Remittitur was issued on August 27, 2012. ECF No. 17-17. Petitioner's habeas Petition was filed on May 1, 2013. ECF No. 1.

   III.    Discussion

       A.  Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE:   1) Ineffective Assistance/Failure to Object; 2) The trail [sic] court lacked subject matter jurisdiction to enhance sentence.

---

[2] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

>Supporting facts:   The enhancement was improper because 2008 law for statue [sic] 16-1-57 has and cross reference section dealing with classification, and for a class (F) felony 16-1-90 is no more than 5 years max and the value is 1000 up to 5000.  All of my indicted offenses were 1000 or less with an indicted subdivision B-1 on each indictment making my sentence improper of 10 years considering whats provided by law for a value of 1000 up to 5000 and that sentence is based on value.  Look under 16-1-90 Felony F.
>
>GROUND TWO:  At PCR hearing counsel brought to judges attention that it was a conflict with transcript and SCDC records.
>
>Supporting facts:   On the judges clarifying order sentence 4336 is and 10 year consecutive sentences that part of the Order is right, but the sentencing sheet has 10 years suspended to time served with 5 years probation with restitution.  Also in Transcript page 24 line 3 thru 5 is also describing the sentence 4336 as probation because it is one of the sentences that restitution was ordered in giving me a total of 10 with and sus. 10 years.   SCDC has me serving both 10 years in prison. Please see (Exhibits #5, #6, #7).

ECF No. 1 at 5-7.

### B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

7

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

IV.   Analysis

A.   Procedurally-Barred Grounds

Respondent contends that Petitioner's subject matter jurisdiction argument in Ground One and the entire argument in Ground Two rests on state law and is therefore not cognizable in a federal habeas petition. ECF No. 17 at 17-21.

Petitioner's allegation in Ground One of his Petition that the trial court lacked subject matter jurisdiction is not cognizable on federal habeas review because jurisdiction is an issue of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Von Longmore v. South Carolina*, No. C.A. 9:05-CV-2112-MBS, 2006 WL 2827416, at *6 (D.S.C. Sept. 27, 2006) ("Petitioner is not entitled to federal habeas relief because the subject matter jurisdiction of a state trial court is a state law issue."),

*denying certificate of appealability*, 218 F. App'x 284 (4th Cir. Feb. 23, 2007). Accordingly, the undersigned recommends that Respondent be granted summary judgment on this claim.

In Ground Two of his Petition, Petitioner appears to argue that during his sentencing he was sentenced to 10 years imprisonment and a 10 year suspended sentence, however, Petitioner contends that the subsequent clarifying order issued by the trial judge has him serving "both 10 years [terms] in prison." ECF No. 1 at 7. Petitioner argues that the order clarifying his sentence was incorrect because it was "contrary to [the] ruling announced in open court." ECF No. 23-1 at 5. As Petitioner is complaining about a purported violation of state law, the undersigned finds that federal habeas relief is not available to correct alleged state law errors. *See Estelle v. McGuire*, 502 U.S. at 67-68 ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' ... Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted). The undersigned therefore recommends that Respondent be granted summary judgment on this claim.

Petitioner may overcome these procedural defaults and have his claims addressed on the merits by showing both cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. *See Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991); *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996). Petitioner has not alleged or shown any cause and prejudice, or actual innocence to excuse the default. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. The undersigned therefore

recommends that Respondent's Motion for Summary Judgment be granted as to subject matter jurisdiction argument in Ground One and the entirety of Ground Two.[3]

B.   Merits

Petitioner also argues in Ground One that his trial counsel was ineffective because he failed to object to Petitioner receiving an enhanced sentence. ECF No. 1 at 5. Respondent argues that the PCR judge properly found that Petitioner's trial counsel was not ineffective because his trial counsel's sentence enhancement advice was correct. ECF No. 17 at 14-17.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a

---

[3] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of the subject matter jurisdiction argument in Ground One and the entirety of Ground Two.

10

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

At the PCR hearing, Petitioner testified that his counsel did not object to the sentence enhancement even though the value of the property taken was less than $1000. App. 67-68. Petitioner contends that he was sentenced under the statute that applied to property crimes where the property is valued at $5000 or more, as opposed to being sentenced under the statute that applied to property crimes with a value of $1000 or less. App. 67-68, 71-72. Petitioner's trial counsel testified that he discussed the elements of Petitioner's charges and the sentence enhancement with Petitioner prior to him entering a plea. App. 95-96. Counsel testified that he believed Petitioner understood the charges he was pleading to and the potential sentence he was facing. App. 100. Counsel testified that he "saw no need to" object to the sentence enhancement because the record supported the enhancement and his objection would have therefore been frivolous. App. 110-112.

The undersigned finds that the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of *Hill* and *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record. Nor was the PCR court's decision "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 386 (2000). Thus, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to the ineffective assistance of counsel claim in Ground One.

V.     Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 16, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

March 25, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**